SAMUEL DUNLAP *versus* BENJAMIN GLIDDEN, JR.
SAME *versus* SAME *&* al.

The 34th rule of the court does not justify the introduction of any *papers* touching the realty, except *deeds*.

Neither can a conveyance of land be proved by parol evidence of the contents of a lost paper, unless it be proved that the paper was a deed legally executed.

In *trespass quare clausum*, no person can justify under another's title, except by showing that the acts were done under his authority.

THESE were actions of trespass *quare*. By agreement they were submitted upon the same evidence. At first the declarations described a large tract, as the *locus in quo*. Afterwards, they were limited to that part of lot No. 13, which lies east of the brook. The defendants pleaded general issue, with brief statement of title in Ebenezer Brann and Joab Harriman, and justified under them. Much testimony was introduced as to early occupations of the land, and the cutting of timber thereon.

Joab Harriman owned the land before any occupation of it. He conveyed to Bruce, who labored on it. The plaintiff levied it on an execution against Bruce.

There was evidence that the defendants cut one or more trees, on the land.

The defendants offered in evidence what they called a mortgage deed from Brann to Bruce. It did not appear to have any seal, and the subscribing witness not being called, it was rejected. They also offered to prove that Bruce, before the plaintiff's levy, had conveyed the land to Brann, under whom they justified, and that the deed was *lost*. The witness, called for the purpose, testified that the deed was witnessed by Jesse Harriman, a resident of the State, and that she did not see the deed executed. The evidence of the contents was rejected. Joab Harriman testified that he never gave authority to any of the defendants to do any acts upon the land. The trial was before WELLS, J.

The defendants submitted to be defaulted in both actions. But if upon the evidence, the plaintiff is not entitled to re-

cover, or if the testimony offered by the defendants and rejected by the court, was admissible, the default is to be taken off.

*Allen*, for defendants.

1. The mortgage deed from Brann to Bruce, offered by the defendants, ought to have been admitted. They were not a party to it, nor heirs of the grantee, nor do they justify under the grantee. Rule 34 of this court; *Woodman* v. *Coolbroth*, 7 Greenl. 181; *Wright* v. *Scanlan*, 13 Pick. 523; *Bartlett* v. *Harlow*, 12 Mass. 350.

True, the rule speaks of an *office copy*, but we offered the *original*. *Knox* v. *Silloway*, 1 Fairf. 201. The *locus sigilli* appeared to be torn off. But the paper says, "set my hand and seal." It cannot be considered unsealed. Such a question would be for the jury alone.

2. The witness was receivable to prove the execution of the other deed, lost by time and accident. She was rejected merely because there was a subscribing witness. But the subscribing witness is not the only, or even the best evidence. He can give no more authenticity than any one else. If it would be admissible when produced, we might prove its existence by another witness. The preference given to a subscribing witness, is rather to prove the existence, than the contents of a deed. But a subscribing witness is not essential to the validity of a deed. *Dole* v. *Thurlow*, 12 Metc. 157.

*Lancaster* and *Baker*, for plaintiff.

TENNEY, J., orally. — Defendants offered to read a paper, as an original deed. Its execution was denied, and was not proved. They also proposed to prove a conveyance, by parol evidence of the contents of a lost deed, the execution of which was not proved. Before the former deed could be read, or the evidence of the contents of the other could be received, it was necessary to prove that the papers were *deeds*. There was no such proof. The defendants claim under these deeds. Suppose them both to have been admitted, they would not show the *defendants* to be owners. Neither would they establish

the justification set up under Brann and Harriman. No one can justify under another's title, except by showing that he does the acts by his authority. No such authorization was proved.                          *Judgment on the default.*